UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHANYA BOYD,**
    *individually and as Mother and Next Friend of T.T., a minor,*

                        **Plaintiffs,**

              v.                        Case No. 24-CV-919

**CITY OF KENOSHA,** *et al.***,**

                        **Defendants.**

---

## DECISION AND ORDER

---

**1. Background**

The following facts are taken from the plaintiffs' second amended complaint. (ECF No. 64-1.) The plaintiff, Shanya Boyd, brings this action individually and as the mother of her minor child, T.T., against thirteen defendants. (*Id.*) Three defendants, Dine Brands Global, Inc., Applebee's Restaurants LLC, and Applebee's Franchisor LLC (collectively "Dine Brands"), move to dismiss Counts 1 and 2 of the second amended complaint. (ECF No. 67.) Dine Brands is the "franchisor (and franchisor-affiliates) of the Applebee's Grill + Bar® trademark." (*Id.* at 1.)

On July 20, 2023, Shanya Boyd and T.T. met with T.T.'s father, Jermelle English, at an Applebee's Restaurant in Kenosha, Wisconsin. (ECF No. 64-1, ¶ 17.) Boyd, T.T., and English were the only African Americans seated in the Applebee's dining area. (*Id.*, ¶ 18.) They were seated for approximately an hour before, unbeknownst to them, a hit-and-run car crash occurred nearby. (*Id.*, ¶ 19.)

Occupants from the car crash fled the scene and hid in the Applebee's men's restroom. (ECF No. 64-1, ¶ 20.) Officer Ryan Quilling from the Pleasant Prairie Police Department went to the Applebee's but left after concluding that Boyd, English, and T.T. were not the hit-and-run suspects. (*Id.*, ¶ 22.)

Shortly after Officer Quilling left, a manager at the Applebee's called the police and falsely reported that Boyd, English, and T.T. were occupants of the hit-and-run vehicle. (ECF No. 64-1, ¶ 23.) This person falsely identified Boyd, English, and T.T. because of their race. (*Id.*) In response to this call, Kenosha Police Officers went to the Applebee's looking for the suspects. (*Id.*, ¶ 24.)

While the officers were at the restaurant, the manager informed an officer and/or officers that Boyd, English, and T.T. had been acting suspiciously. (ECF No. 64-1, ¶ 24.) However, the manager knew or should have known that Boyd, English, and T.T. had been dining at the restaurant when the crash occurred and therefore could not be the suspects the police were looking for. (*Id.*, ¶ 25.) The Applebee's manager reported Boyd, English, and T.T. as criminal suspects because of their race. (*Id.*)

Due to these false reports, police officers at Applebee's used "excessive force" against Boyd, English, and T.T. (ECF No. 64-1, ¶¶ 31–34.) Boyd was arrested and taken to jail, where she was booked on charges of resisting arrest and disorderly conduct. (*Id.*, ¶¶ 35, 36.)

Boyd filed this lawsuit in federal district court on July 19, 2024 (ECF No. 1) and has since amended her initial complaint. (ECF Nos. 37, 64-1.) Boyd's operative (second amended) complaint alleges two causes of action against the Dine Brands defendants. Count 1 alleges a violation of Section 1981 of the 1866 Civil Rights Act and Count 2 alleges a state law defamation claim. (ECF No. 64-1.)

On May 9, 2025, Dine Brands moved to dismiss Counts 1 and 2 for failure to state a claim under Rule 12(b)(6). (ECF No. 67.) All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 7, 35, 63, 83), and the matter is ready for resolution.

2. **Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**3. Analysis**

Dine Brands argues that Boyd must plead facts that plausibly suggest Dine Brands is vicariously liable for the alleged harm. Because her second amended complaint did not do that, Boyd's claims against Dine Brands should be dismissed. (ECF No. 68 at 2.) Additionally, Dine Brands argues that, even if the court finds Boyd has alleged facts plausibly suggesting Dine Brands is vicariously liable, both the Section 1981 and defamation claims should still be dismissed because each claim is deficient as pled. (*Id.*)

In response, Boyd argues her second amended complaint alleges sufficient facts to establish vicarious liability against Dine Brands and states claims for a violation of Section 1981 and defamation. (ECF No. 75 at 2.) Boyd asks the court to allow her to file a third amended complaint if the court rules she failed to sufficiently plead a Section 1981 or defamation claim. (*Id.* at 11–12.)

**3.1. Vicarious Liability in the Franchisor/Franchisee Context**

Vicarious liability is a form of strict liability for the tortious conduct of another. *Kerl v. Dennis Rasmussen, Inc.*, 682 N.W.2d 328, 335 (Wis. 2004). While vicarious liability

typically arises in employer/employee relationships, it is not confined to this context. *See id*. Although the Seventh Circuit Court of Appeals has not addressed the issue of whether a franchisor can be held vicariously liable for the conduct of its franchisee, Wisconsin state courts and other courts across the country have applied the same rationale for imposing strict liability in the employer/employee context to the franchisor/franchisee context. *See id.*; *see also Helmchen v. White Hen Pantry, Inc.*, 685 N.E.2d 180, 182 (Ind. Ct. App. 1997); *Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 88 (E.D.N.Y. 2000); *Pizza K, Inc. v. Santagata*, 547 S.E.2d 405, 407 (Ga. Ct. App. 2001); *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 832 (E.D. Mich. 2000).

The prevailing standard in Wisconsin for applying vicarious liability in the franchisor/franchisee context asks "whether the franchisor controls the 'specific instrumentality' which allegedly caused the harm, or whether the franchisor has a right of control over the alleged negligent activity." *Kerl*, 682 N.W.2d at 333. A franchisor who has a "right to control the daily conduct or operation of the particular 'instrumentality' or aspect of the franchisee's business that is alleged to have caused the harm …" may be vicariously liable for injuries caused by the franchisee's negligence. *Id*.

Dine Brands and Boyd agree that *Kerl*'s "control or right to control test" determines whether a franchisor can be held vicariously liable for a franchisee's tortious conduct. (ECF Nos. 75, 5; 78, 2; *see also Kerl*, 682 N.W.2d at 333.) Importantly, *Kerl* addressed that issue in the context of a motion for summary judgment, not a Rule 12(b)(6) motion to

dismiss. At this stage in the litigation, Boyd's complaint should be dismissed only if "it appears beyond doubt that [Boyd] can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Boyd's second amended complaint alleges that, under Dine Brands' franchise agreement with Applebee's, Dine Brands "impose[d] detailed requirements on training concerning interactions with law enforcement and concerning treatment of customers" and that "these training materials and guidelines imposed guidance for the daily operation of the Applebee's, and specifically, on how the Applebee's employees should interact with law enforcement and customers like the Plaintiffs." (ECF No. 54, ¶ 43.)

Boyd does not merely allege that Dine Brands "had supervisory control over" Applebee's and its employees. Boyd alleges that Dine Brands exercised control over Applebee's daily operations by imposing training guidelines and manuals that prescribed how Applebee's employees should interact with law enforcement and customers like the plaintiffs. (ECF No. 54, ¶ 43; *see also*, *e.g.*, *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 729 (11th Cir. 2021) (dismissing plaintiff's claim that franchisor "owned and/or managed and/or operated and/or oversaw and/or controlled the operations" and had "supervisory control over" the hotels, for being mere recitation of the law.).

Boyd's allegations make it plausible that Dine Brands may have had a "right to control the daily conduct or operation" of the Applebee's employees' interactions with law enforcement and customers. *Kerl*, 682 N.W.2d at 340. Whether Dine Brands did, in

6

fact, exercise daily control over Applebee's and its employees is not an issue for the court to decide at this stage. The motion to dismiss Boyd's claims against Dine Brands for failure to sufficiently plead vicarious liability is denied.

### 3.2. Boyd's Section 1981 Claim

To allege discrimination under 42 U.S.C. § 1981, a plaintiff must claim that: "(1) they are [a] member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). The Seventh Circuit has described the pleading standard for racial discrimination claims as "minimal." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

To claim interference with the right to make and enforce a contract under Section 1981, a plaintiff must plead an "actual loss of a contract interest" and not "merely the possible loss of future contract opportunities." *Morris*, 89 F.3d at 413. A plaintiff must allege they were "actually prevented, and not merely deterred, from making a purchase or receiving service after attempting to do so." *Henderson v. Jewel Food Stores, Inc.*, No. 96-C-3666, 1996 WL 617165, at *3, 1996 U.S. Dist. LEXIS 15796, at *10 (N.D. Ill. Oct. 23, 1996) (upholding Section 1981 claim which alleged the plaintiff was "led out of the store in handcuffs, unable to complete his purchase.").

Boyd alleges an actual loss of a contract interest. She claims that, because of Applebee's manager's actions, she was prevented from entering into a retail contract with Applebee's. (ECF No. 54, ¶ 47.) Boyd alleges she was arrested and forcibly removed from the restaurant before being served because the Applebee's manager falsely reported her as a criminal suspect due to her race. (*Id.*) Based on these allegations, Boyd has pleaded facts that plausibly suggest she can establish a discrimination claim under 42 U.S.C. § 1981.

**3.3. Boyd's Defamation Claim**

Although defamation is a state law claim, Boyd brings this claim under the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. Under Wisconsin law, the elements of defamation include: "(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and, (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 535 (Wis. 1997).

In *Kubesh v. InGensa, Inc.*, No. 24-CV-202, 2024 WL 5106564, at *3, 2024 U.S. Dist. LEXIS 226272, at *4 (W.D. Wis. Dec. 13, 2024), the plaintiff alleged "defamatory accusations of racism [were] made by the defendant and communicated to individuals …" and that the defendant engaged in "racial discrimination." The court dismissed the defamation claim because the plaintiff's allegations were "too vague and

conclusory." Kubesh, 2024 U.S. Dist. LEXIS 226272, at *6. defamation claim "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Iqbal*, 556 U.S. at 678).

Dine Brands argues that a defamation claim must provide "key information like what the statement was, who made it, and when, how and to whom the statement was made." (ECF No. 68 at 8.) But this is federal court, and there is no heightened pleading standard for defamation. *Kubesh*, 2024 U.S. Dist. LEXIS 226272, at *5 ("while Wisconsin courts may require heightened pleading, there is no such requirement for a defamation claim in federal court.").

Boyd alleges that Dine Brands, through its "employee, agent, and/or servant," made false statements that Boyd was a "criminal suspect[] who had fled the scene of a serious hit-and-run crash" and that these "false, defamatory statements were communicated to third parties, i.e., the responding police officers." (ECF No. 54, ¶¶ 50–51.) Boyd also alleges that these statements were "unprivileged and defamatory" and that "they would tend to harm her reputation" by implying she was involved in criminal activity. (ECF No. 54, ¶ 52.)

Dine Brands argues that the alleged statements made were not defamatory but rather "statements of opinion." (ECF No. 68 at 9.) To determine whether a statement is defamatory, courts examine the "plain language of the statement 'in the context of the communication as a whole.'" *Wesbrook v. Ulrich*, 90 F. Supp. 3d 803, 810 (W.D. Wis. 2014).

A defamatory statement must: "(1) assert or imply a fact that is capable of being proven false; or (2) it must assert an opinion that directly implies the assertion of an undisclosed defamatory fact." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19 (1990). Statements of opinion merely express "a subjective view, an interpretation, a theory, conjecture, or surmise" and are not actionable unless the speaker "claims or purports to possess specific and objectively verifiable facts supporting that opinion." *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993).

Boyd's second amended complaint states that an Applebee's manager "called police to falsely report that Ms. Boyd, Mr. English, and T.T. were the occupants of the hit-and-run vehicle, that is, that Ms. Boyd had engaged in criminal behavior and violated the law." (ECF No. 54, ¶ 23.) This statement asserts a fact that is capable of being proven true or false; either Boyd was involved in the hit-and-run crash or she was not. Accusing someone of criminal activity is not a protected opinion when the accusation is "readily understood, and susceptible of being verified as true or false." *SMJ Towing, Inc. v. Vill. Of Midlothian*, No. 05-C-3020, 2005 WL 3455856, at *6, 2005 U.S. Dist. LEXIS 33370, *18 (N.D. Ill. Dec. 16, 2005) (claiming a business is "involved in the illegal drug trade" and running a "criminal enterprise" is not protected as a statement of opinion.).

Boyd has sufficiently pled each element of defamation against Dine Brands.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 68) filed by Dine Brands Global, Inc., Applebee's Restaurants LLC, and Applebee's Franchisor LLC is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge