UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SHANYA BOYD, *et al.*,**

**Plaintiffs,**

**v.** **Case No. 24-CV-919**

**CITY OF KENOSHA, *et al.*,**

**Defendants.**

## RECOMMENDATION AND ORDER

Now pending before the court is the plaintiffs' "Civil Local Rule 7(h) Expedited Non-Dispositive Motion for Partial Default Judgment" against defendant SBG Apple North I, LLC (North I). (ECF No. 113.) The plaintiffs named North I as a defendant in a third amended complaint filed after Judge J.P. Stadtmueller reassigned the case to this court upon the consent of all parties to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 83, 100.) On September 4, 2026, the Clerk of Court entered default as to North I. (ECF Entry of Default, September 4, 2026.) To date, North I has not appeared or filed a magistrate judge jurisdiction form in this case.

The plaintiffs' motion for partial default judgment (ECF No. 113) is riddled with contradictions. A motion for default judgment is by its nature dispositive and not appropriately brought as a Rule 7(h) *non-dispositive* motion. However, the plaintiffs have

not offered any evidence establishing damages. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) ("Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not."); *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995) (observing that judgment should not automatically be entered in the plaintiffs' favor in the event of default; rather, "it was necessary that the plaintiffs demonstrate that they were entitled to judgment as a matter of law"). The plaintiffs request that "any prove-up proceeding" be stayed until after a trial occurs. (ECF No. 113 at 2.) In this way, the plaintiffs are not actually asking for default judgment at this time and effectively request to change nothing about the status of the case after the Clerk's entry of default against this defendant.

Because the motion for partial default judgment is arguably a dispositive motion, despite the contradictions identified above, this court will not rule on the motion.

Even if the motion for partial default judgment was properly brought, and even if it were to be granted in the plaintiffs' favor by a district judge, this court would not be able to retain magistrate judge jurisdiction over this case. As the Seventh Circuit Court of Appeals has identified in *Marion HealthCare, LLC v. S. Illinois Hosp. Servs.*, 41 F.4th 787 (7th Cir. 2022), judgment granted in favor of a defendant by a district judge did not render that defendant a "non-party" but simply a "prevailing party." Judgment entered against a defendant likewise does not result in its dismissal from the case but renders it a non-prevailing party—but still a party.

Unanimous consent of "all parties" is necessary before a magistrate judge may preside fully over a civil case. *See Marion HealthCare*, 41 F.4th at 789 ("We held in *Coleman v. Wisconsin Labor & Industry Commission*, 860 F.3d 461 (7th Cir. 2017), that use of the § 636(c) procedure requires the consent of every named litigant, even one that has not been served with process."). Even though the Clerk has entered default as to this defendant, it remains a named litigant against whom this action has not ended. *See* Fed. R. Civ. P. 54(b).

Accordingly, the court **RECOMMENDS** that the plaintiffs' motion for partial default judgment (ECF No. 113) be **denied without prejudice**. Because this court does not have the consent of all parties, the Clerk of Court shall **reassign** this case to a district judge for all further proceedings.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 9th day of October, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge