# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANYA BOYD, individually and as Mother and Next Friend of T.T., a minor,

Plaintiffs,

v.

CITY OF KENOSHA, POLICE CHIEF PATRICK PATTON, OFFICER MICHAEL VENCES, OFFICER LUKE COURTIER, APPLEBEE'S RESTAURANTS LLC, DINE BRANDS GLOBAL, INC., SGT. MICHAEL LODYGOWSKI, OFFICER JAMES KARAWAY, VILLAGE OF PLEASANT PRAIRIE, POLICE CHIEF DAVID SMETANA, WISCONSIN APPLE LLC, APPLEBEE'S FRANCHISOR LLC, and SBG APPLE NORTH XII, LLC,

Defendants.

Case No. 24-CV-919-JPS

**ORDER**

This case was filed in July 2024 and assigned to this branch of the Court. ECF No. 1; *see* July 19, 2024 docket entry. It was subsequently reassigned to Magistrate Judge William E. Duffin after all active parties at that time consented to the exercise of magistrate judge jurisdiction. ECF No. 83. After reassignment, Plaintiffs filed a third amended complaint naming SBG Apple North I, LLC as a defendant. ECF No. 100. Magistrate Judge Duffin ordered SBG Apple North I, LLC to file its form indicating whether it consented to the exercise of magistrate judge jurisdiction. ECF No. 110.

After SBG Apple North I, LLC failed to do so, Plaintiffs moved for and the Clerk of Court entered default against SBG Apple North I, LLC. ECF No. 111; Sept. 4, 2026 docket entry.

Because a magistrate judge cannot issue dispositive rulings in a case without the consent of all litigants, Magistrate Judge Duffin explained to Plaintiffs that they could proceed before him by either voluntarily dismissing SBG Apple North I, LLC from the operative complaint or getting this party to file a consent form. ECF No. 112 at 2 (citations omitted). He indicated that, alternatively, Plaintiffs "could seek an obtain partial judgment against [SBG Apple] North I[, LLC] under Rule 54(b) from a district judge." *Id.*

Perhaps not appreciating that filing such a motion would result in the case coming back before this branch of the Court, Plaintiffs moved on an expedited basis for entry of partial judgment against SBG Apple North I, LLC. ECF No. 113. Magistrate Judge Duffin recommended that the motion be denied without prejudice, explaining a number of problems with the motion, and reassigned the case to this branch of the Court for disposition of the motion and all further proceedings. ECF No. 114. Plaintiffs did not object to Magistrate Judge Duffin's recommendation but instead moved to withdraw their expedited motion for partial judgment. ECF No. 115. In that motion, Plaintiffs note that they are voluntarily dismissing SBG Apple North I, LLC from the operative complaint. *Id.* at 1. Accordingly, they request that entry of default against this party be vacated, that Magistrate Judge Duffin's recommendation be denied as moot, and that the case be returned to Magistrate Judge Duffin. *Id.* at 1–2.

The Court will grant these requests. First, Plaintiffs' voluntary dismissal of SBG Apple North I, LLC is adopted and the claims against this

entity will be dismissed without prejudice.[1] *See* FED. R. CIV. P. 41(a)(1)(A)(i), (a)(1)(B). Second, the Court will direct the Clerk of Court to vacate the entry of default against SBG Apple North I, LLC, entered on September 4, 2026. Third, the Court will grant the motion to withdraw, ECF No. 115; the motion for partial default judgment, ECF No. 113, will be withdrawn. As a result, Magistrate Judge Duffin's recommendation on the motion for partial default judgment, ECF No. 114, will be overruled as it is now moot.

The full consent of the parties having been restored, the Court will reassign this case back to Magistrate Judge Duffin for all further proceedings. Plaintiffs are cautioned to proceed more mindfully; resolving procedural blunders is not a good use of this Court's or Magistrate Judge Duffin's time.

Accordingly,

**IT IS ORDERED** that Plaintiffs' notice of voluntary dismissal of Defendant SBG Apple North I, LLC, ECF No. 115, be and the same hereby is **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant SBG Apple North I, LLC be and the same are hereby **DISMISSED without prejudice**;

---

[1]The Court will permit dismissal of individual parties through a Rule 41 stipulation. *See Gatling v. Nickel*, 275 F.R.D. 495, 496 (E.D. Wis. 2011) ("Rule 41 contemplates, more generally, a court's power to dismiss individual claims. . . . It would seem needlessly constraining, where Rule 41 otherwise contemplates the dismissal of individual claims [over the objection of a party], to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such."); *but see Berthold Types Ltd. v. Adobe Sys., Inc.*, 242 F.3d 772, 776–77 (7th Cir. 2001) ("Rule 41(a)(1)[(A)](i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action' . . . .").

**IT IS FURTHER ORDERED** that the Clerk's September 4, 2026 entry of default against Defendant SBG Apple North I, LLC be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to withdraw, ECF No. 115, be and the same is hereby **GRANTED**; Plaintiffs' motion for partial default judgment, ECF No. 113, is **WITHDRAWN**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's Recommendation, ECF No. 114, be and the same is hereby **OVERRULED as moot**; and

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73(a), and General Local Rule 73, this action be and the same is herewith transferred to United States Magistrate Judge William E. Duffin for all further proceedings.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge